**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>                v.<br><br>$16,816.30 IN FUNDS MAINTAINED IN BANK OF AMERICA ACCOUNT NUMBER xxxxxxx8134, HELD IN THE NAME OF B.V. VENTURES, LLC,<br>    Defendant. | Civil Action No.<br>1:22-cv-01760-SDG |

**OPINION AND ORDER**

This matter is before the Court on the motion by Plaintiff United States of America to strike the claim and answer of Gregory Pierce [ECF 17]. For the following reasons, the motion is **GRANTED**.

**I.   Background**

On May 4, 2022, the United States initiated this civil forfeiture action against $16,816.30 in funds (the Funds) that were held in the name of BV Ventures, LLC in an account at Bank of America (the Account).[1] The United States alleges that the Funds are subject to forfeiture because they are traceable to criminal activity in the form of mail fraud, wire fraud, and money laundering.[2] Specifically, the Funds

---

1   ECF 1, ¶ 1.

2   *Id.* ¶¶ 6–7.

were purportedly derived from various robocalling scams.[3] The United States Secret Service seized the Funds on November 9, 2021.[4]

On June 6, 2022, Claimant Gregory Pierce filed a verified Claim against the Funds and an Answer to the Complaint.[5] Pierce asserts that he was a victim of one of the scams at issue and more than $16,816.30 belonging to him was deposited into the Account.[6] He therefore asserts that he is entitled to recover the Funds.[7] The United States contends he lacks standing to do so.[8]

## II.   Discussion

The United States argues that, as a victim of the criminal schemes, Pierce lacks both Article III and statutory standing.[9] The United States also claims that he lacks "prudential standing," which it describes as "a requirement that goes beyond

---

[3]   *Id.* ¶ 8.

[4]   *Id.* ¶ 1.

[5]   ECF 6 (Claim); ECF 7 (Ans.).

[6]   ECF 6, ¶¶ 1–2.

[7]   *Id.* at 3.

[8]   *See generally* ECF 17.

[9]   ECF 17-1, at 5–12.

Article III standing that decides whether the claimant is in the zone of interests intended to be protected by the statute."[10]

The Eleventh Circuit has held that "standing is a threshold jurisdictional question" that a claimant disputing a civil forfeiture action must establish under both Article III and the applicable statutes. *United States v. $688,670.42 Seized from Regions Bank Account No. XXXXXX5028*, 449 F. App'x 871, 873 (11th Cir. 2011) (citing *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543–44 (11th Cir. 1987)). The Court's inquiry begins and ends with Article III.

Article III of the Constitution limits federal courts to consideration of cases and controversies. U.S. CONST. art. III, § 2. The doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In a civil forfeiture action, a claimant must "demonstrate an interest in the seized item sufficient to satisfy the court of [his] standing to contest the forfeiture." *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir. 1984) (per curiam) (quoting *United States v. $364,960.00 in U.S. Currency,* 661 F.2d 319, 326 (5th Cir. Unit B 1981); citing *United States v. Currency Totalling $48,318.08*, 609 F.2d 210, 213–14 (5th Cir. 1980)). That is,

---

[10] ECF 17-1, at 6 (quoting *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 344 (D.N.J. 2010)).

"[o]ne must claim an ownership or possessory interest in the property seized." *Id.* (citation omitted).

The United States argues that Pierce lacks a sufficient interest in the Funds to have standing since he was "divested of his ownership interest . . . by the fraudster" and is merely an unsecured creditor.[11] Pierce counters that he is entitled to an equitable constructive trust over the Funds, which gives him standing.[12] The decision relied on by Pierce, *United States v. Shefton*, is not controlling here. In that case, which dealt with *criminal* forfeiture, the circuit court recognized that a constructive trust can be imposed for the benefit of third-parties under Georgia law in certain circumstances. 548 F.3d 1360, 1365–66 (11th Cir 2008). But *Shefton* does not hold, as Pierce advocates, that a *victim* of a criminal fraud has standing to impose a constructive trust over seized proceeds in a civil forfeiture proceeding.

The United States correctly asserts that, at the moment Pierce suffered his monetary loss, he was necessarily divested of his ownership interest in the funds. *Cf. United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191 (D.C. Cir. 1995) ("Congress . . . devised a statutory remedial scheme that reaches back to the

---

[11] ECF 17-1, at 8–9, 15 n.2; *see also id.* at 10 ("Although Pierce can trace funds into [the Account], Pierce lost his legal right to withdraw these funds when he transferred the money to the fraudsters.").

[12] ECF 18, at 3–4.

time of the criminal acts to forfeit the property to the United States. The statute thus creates a retroactive legal fiction similar to a constructive trust for the benefit of the United States. It is not open to a court to fashion another remedy (a competing fiction) that also reaches back to snatch the property away from the United States—which is exactly what a constructive trust would do."). Under the theory applied in *BCCI Holdings*, then, the United States became the owner of the *in rem* proceeds at the moment the allegedly fraudulent activity occurred.

Pierce has no more of a legal right to the funds in the Account than anyone else because forfeiture proceeds are not intended to compensate victims in the first instance. Permitting the imposition of a constructive trust in favor of Pierce would disrupt the balance created by the forfeitures statutes and remissions process adopted by Congress to redress harms suffered by victims of fraud. Under 21 U.S.C. § 853(i)(1), the *Attorney General* "is authorized to . . . grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims of a violation . . . , or take any other action to protect the rights of innocent persons." The United States also raises legitimate concerns about the potential unfairness of allowing one victim to recover assets that are the subject of a forfeiture proceeding

to the detriment of other victims of the same criminal scheme.[13] "[E]quity demands that no victim be given priority over any other similarly situated victim." *United States v. Ramunno*, 599 F.3d 1269, 1275 (11th Cir. 2010) (citation omitted).

The Eleventh Circuit has emphasized that Georgia law requires consideration of fairness when deciding whether to impose a constructive trust. *Id.* at 1274. And so, even assuming that it would be legally proper to impose a constructive trust in favor of Pierce under Georgia law, the Court concludes that considerations of fairness dictate against it under the circumstances here.

**III. Conclusion**

The United States' motion to strike the claim and answer of Pierce [ECF 17] is **GRANTED**. The Clerk is **DIRECTED** to strike Pierce's claim and answer [ECF 6 and 7]. The Government is **ORDERED** to file a motion for final forfeiture by default, or seek any other relief it deems appropriate, within 30 days of this Order.

**SO ORDERED** this 28th day of September, 2023.

Steven D. Grimberg
United States District Court Judge

---

[13] *Id.* at 14–15.